## DENBY, Secretary of the Navy, v. BERRY.

(Court of Appeals of District of Columbia. Submitted February 6, 1922. Decided March 6, 1922. Rehearing Denied April 1, 1922.)

No. 3541.

1. Army and navy ⬤=10—Reserve naval officer cannot be retired, for incapacity contracted in line of duty, without hearing before Retiring Board.

Under Act June 4, 1920, § 2, making officers of the Naval Reserve Force, who have been disabled in line of duty, eligible for retirement under the same conditions as officers of the regular navy, and Rev. St. § 1455 (Comp. St. § 2634), providing that no officer of the navy shall be retired from active service without a hearing before the Naval Retiring Board, a naval reserve officer, disabled in line of duty, cannot be retired from active service by the Secretary of the Navy, and from the service by general discharge by the Bureau of Navigation, without the hearing which he demanded before the Naval Retiring Board.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Mandamus ⬤⟿77(4)—Can issue to vacate order discharging naval officer without hearing before Retiring Board.**

The statutes entitling a naval officer to a hearing before the Retiring Board on demand are too plain and positive to leave room either for the exercise of discretion on the part of the Secretary of the Navy, or for reasonable difference of opinion as to the construction to be placed thereon, so that mandamus will lie to compel the vacation of orders discharging an officer for violation of the statute.

**3. Army and navy ⬤⟿10—Naval officer not entitled to hearing before Retiring Board until recommendation approved by the President.**

Under Rev. St. § 1448 (Comp. St. § 2627), a naval officer, who is incapacitated to perform the duties of his office, is not entitled to a hearing before the Retiring Board, though he cannot be discharged without such hearing, unless the recommendation of the Secretary of the Navy for such hearing is approved by the President.

**4. Mandamus ⬤⟿64—Discretion of President in approving recommendation for hearing before Naval Retiring Board cannot be controlled.**

The courts cannot control by mandamus the discretion given to the President by Rev. St. § 1448 (Comp. St. § 2627), to approve a recommendation of the Secretary of the Navy that a hearing be granted an incapacitated naval officer before the Naval Retiring Board.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by George A. Berry against Edwin Denby, Secretary of the Navy. From a judgment granting the writ, after demurrer to the answer was sustained, and defendant refused further to plead, defendant appeals. Modified and affirmed.

John E. Laskey and Peyton Gordon, both of Washington, D. C., for appellant.

Dan Thew Wright, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellee, George A. Berry, plaintiff below, a Lieutenant Commander in the Naval Reserve Force, filed his petition in the Supreme Court of the District of Columbia, praying a writ of mandamus to compel the Secretary of the Navy to revoke an order discharging him from the service, and to permit him to have a hearing before a Navy Retiring Board.

It appears that plaintiff, while in the naval service, became disabled and unfit to perform further duty. According to the regulations of the Navy Department, he was examined by a Naval Board of Medical Survey, and found to be unfit for service. His disabilities were found to be permanent, occasioned "in line of duty" and "not the result of his own misconduct." The board recommended "that he be ordered to appear before the United States Naval Retiring Board." The Secretary in his answer admits the regularity of the action of the Board of Medical Survey, and that it was acting in accordance with the regulations issued by the Secretary of the Navy, with the approval of the President, but avers that—

"he has the authority, power, and duty, in the exercise of his discretion as Secretary of the Navy, to disapprove the findings and recommendations of Boards of Medical Survey in any case, and that the findings and recommendations of such boards are nullified and rendered invalid."

Notwithstanding the recommendation of the board, the Secretary made an order in part as follows:

"Having been found physically unfit for active duty in the United States Naval Reserve Force by the Board of Medical Survey before which you appeared on October 14, 1919, the Secretary of the Navy has directed that you be ordered to your home and be released from all active duty."

The Secretary then forwarded to the Chief of the Bureau of Navigation the report of the Board of Medical Survey, with directions as follows:

"The recommendation of the Board of Medical Survey in this case is not approved. In accordance with the recommendation of the Surgeon General, as set forth in the third endorsement, it is directed that this officer be ordered to proceed to his home and be released from active duty."

Pursuant to this order, the Bureau of Navigation on November 1, 1919, issued an order, in part as follows:

"You are hereby detached from such duty as may have been assigned you, will proceed to your home, and regard yourself honorably discharged from active service in the Navy."

It is contended by the plaintiff that, before he could be discharged from the service, he was entitled to have his case considered by a Navy Retiring Board, to determine the nature of his disability and his right to retirement pay. Plaintiff accordingly communicated with the Secretary of the Navy, requesting that his case be referred to a retiring board for consideration, to which the Secretary on November 15, 1919, replied, denying the right of plaintiff to have his case so considered, and also his right to be placed upon the retired list.

Judgment was entered upon demurrer to the answer, defendant refusing to further plead. From the order granting the writ, the Secretary appealed.

[1] In the matter of retirement, officers of the Naval Reserve Corps, are entitled, by law, to all the rights of officers of the regular navy:

"All officers of the Naval Reserve Force and temporary officers of the navy who have heretofore incurred or may hereafter incur physical disability in line of duty shall be eligible for retirement under the same conditions as now provided by law for officers of the regular navy who have incurred physical disability in line of duty." Act June 4, 1920, c. 228, § 2, 41 Stat. 834.

Plaintiff, having been found by the medical board to have sustained his disabilities in line of duty, became entitled to avail himself of the provisions of section 1455, R. S. (Comp. St. § 2634), as follows:

"No officer of the navy shall be retired from active service, or wholly retired from the service, without a full and fair hearing before such Navy Retiring Board, if he shall demand it."

It will be observed that this provision of the statute meets both orders issued in this case. The order of the Secretary retired plaintiff from active service, and the order of the Bureau of Navigation retired him from the service by general discharge. Plaintiff has placed himself within the full protection of the statute by communicating a request to the Secretary of the Navy to be permitted to appear before a retiring board, which request the Secretary by letter denied, without having referred it to the President for his approval or disapproval, as required by section 1448, Revised Statutes (Comp. St. § 2627).

[2] It is clear, under existing law, that plaintiff, having made prop-

er demand upon the Secretary, could not be retired from active service or discharged without a hearing before a retiring board. It follows, therefore, that the order of the Secretary, retiring plaintiff from active service, and the order of the Navigation Board made in pursuance thereof, discharging him, are void and without authority of law. The provisions of the statutes are too plain and positive to leave room either for the exercise of discretion on the part of the Secretary or for a reasonable difference of opinion as to the construction to be placed thereon. Mandamus will therefore lie to correct the wrong inflicted upon the plaintiff, and to compel the vacation of the orders. This will, of course, operate to reinstate plaintiff to his full standing as a Naval Reserve Officer.

[3] This brings us to a consideration of section 1448, R. S. (Comp. St. § 2627), which among other things provides:

"Whenever any officer, on being ordered to perform the duties appropriate to his commission, reports himself unable to comply with such order, or whenever, in the judgment of the President, an officer is incapacitated to perform the duties of his office, the President, at his discretion, may direct the Secretary of the Navy to refer the case of such officer" to a Navy Retiring Board.

This prescribes a preliminary step necessary to be taken by any incapacitated officer in order to have his case considered by a retiring board, and while it is clear that, under the provisions of this section of the statutes, an officer cannot even upon demand compel a hearing before a retiring board until such hearing is directed by the President, it is equally clear from the provisions of section 1455, supra, that no officer can be retired from active service or discharged until a hearing before a retiring board has been accorded him. It follows, therefore, that, should the President, believing the officer not to be incapacitated, refuse to direct such hearing, the officer will still remain in the service, from which he cannot be removed until a hearing is accorded him.

The Secretary of the Navy has only limited jurisdiction in the matter of the retirement or discharge of officers from the navy. He is not only without authority to exercise such power until an officer has been accorded a hearing before a retiring board, but he is likewise without authority when such hearing has been accorded, until his recommendations upon the findings of the board have been approved by the President. R. S. § 1452 (Comp. St. § 2631).

[4] It is not within the jurisdiction of the court to control the administrative or executive discretion of the President, or to control his action in carrying out the provisions of section 1448, supra. Weeks, Secretary of War, v. Creary, 51 App. D. C. ——, 277 Fed. 594. It will be assumed, however, that if the President finds that plaintiff is incapacitated, as found by the Medical Board, he will approve plaintiff's request to the Secretary, and direct the Secretary to refer the case to a Navy Retiring Board, as by law provided.

It follows, therefore, that the court below went too far in directing the Secretary of the Navy to accord plaintiff a hearing before a retiring board. It is therefore ordered that the judgment be modified to that extent, and that, as so modified, it be affirmed, with costs.

Modified and affirmed.